# GEORGE MONROE JONES, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 456 S.W.2d 860.

Court of Criminal Appeals of Tennessee. April 14, 1970.

Certiorari Denied by Supreme Court. July 6, 1970.

Robert F. Hedgepath, Nashville, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Nashville, for respondent.

## OPINION

MITCHELL, Judge.

The petitioner, George Monroe Jones, has appealed the dismissal without an evidentiary hearing of his petition for post-conviction and habeas corpus relief from the Criminal Court of Davidson County, Tennessee, Honorable Raymond H. Leathers, Judge presiding.

The petitioner filed his petition in the Criminal Court of Davidson County, June 26, 1969, under the provisions of T.C.A. § 40-3802, Post-Conviction Procedure and under T.C.A. § 23-1801 for writ of habeas corpus.

He alleged he was found guilty in the Criminal Court of Davidson County, March 15, 1962, and sentenced to ten years imprisonment for burglary, and sentenced to life imprisonment as an habitual criminal, and that he is unlawfully restrained of his liberty by these sentences in violation of his constitutional rights. The trial court dismissed the petition without an evidentiary hearing and without appointing an attorney for petitioner, from which petitioner appealed.

Able counsel for the petitioner has somewhat clarified and summarized the various charges, allegations, and statements of the petition into five separate paragraphs for convenience.

The Attorney General in his excellent brief has pointed out the petitioner's failure to comply with T.C.A. § 40-3804, Item 8 which requires him to state any appeals and other applications for relief previously filed, including date decided, the court, the grounds and the result, names of lawyers who represented petitioner and at what stage of the proceedings. In his petition he says this is the third application for writ in the courts of Tennessee, that he had previously filed two petitions or applications.

The trial judge's order or memorandum recites that petitioner was convicted of being an habitual criminal on March 15, 1962, as shown in Minute Book 57, page 323, Division Two of the Criminal Court, appealed to

Supreme Court and affirmed Dec. 17, 1963. He was again convicted of being an habitual criminal in the same court May 21, 1963, which is shown in Minute Book 59, page 174, appealed and affirmed October 12, 1964. The trial judge says this is the fourth pleading he has filed.

The trial judge declared George Monroe Jones's first petition was filed in the 3rd Circuit Court of Davidson County and was denied. The second was filed in Division Two of the Criminal Court being Docket No. 1618, dismissed November 20, 1964, appealed and affirmed March 4, 1965. The third was filed by petitioner denominated petition for a new trial on newly discovered evidence filed October 10, 1968, and dismissed and then he filed the present petition.

He has filed at least three petitions in the U. S. District Court.

■ Ground 1, the petitioner alleged his conviction for being an habitual criminal is void because one of the convictions upon which the determination was made is void. That petitioner's conviction of May 6, 1943, is void because he was not represented by counsel and did not waive his right to counsel at the trial.

Responding to his first ground for relief we agree with the Attorney General's brief that if the conviction of May 6, 1943, is void there were more than enough other convictions to sustain the conviction as an habitual criminal.

■ Ground 2, on this ground petitioner contends his conviction for being an habitual criminal is void since one of the convictions upon which it is based is void. A

conviction on October 4, 1955, for burglary is void because petitioner was denied appellate review.

Apparently the petitioner has overlooked the fact that the permanently bound volumes of the Tennessee Supreme Court reports show that his conviction of October, 1955, was appealed, reviewed, and affirmed, and reported in 200 Tenn. 553, 292 S.W.2d 767, under the style, George M. (Buck) Jones, plaintiff in error, v. State of Tennessee, on a conviction of burglary of a food locker, in which he was represented by Attorney Z. T. Osborn.

Grounds 3 and 4 are similar and are related and will be considered together. In these grounds the petitioner contends he was denied a fair trial when the District Attorney advised the jury that three co-defendants had signed confessions implicating the petitioner while these three co-defendants did not take the witness stand to be cross-examined, all of which violated the petitioner's right to face his accusers. That he was denied a fair trial when the District Attorney advised the jury that the three co-defendants entered pleas of guilty in the case, all of which prejudiced the jury.

The petitioner's contention is that he was denied a fair trial because three co-defendants gave written confessions implicating him, and did not take the witness stand to be cross-examined, but the opinion of the late Mr. Justice Andrew O. Holmes in the unreported case of George Monroe (Buck) Jones v. State, filed June 4, 1963, of which we take judicial knowledge is to the contrary.

In that case Honorable W. C. Wilson, attorney of

Nashville, a lawyer of recognized legal ability was counsel for Mr. Jones.

The opinion in the case recited that about 1:30 A.M. September 25, 1961, the burglar alarm of the Nashville Surgical Supply Company was set off. Police officers entered the building and discovered a hole about two feet in diameter had been cut through the wall. A pick axe and other tools were found in the building near the hole. The defendant (Jones) testified and one of the men with him who pleaded guilty testified in behalf of the defendant. Their testimony was that the other three men had gained entrance to the Nashville Surgical Supply Company building by knocking a hole in the wall. Inside they discovered the safe was wired with a burglar alarm. At that time the defendant (Jones) was in a tavern about a block away.

George Monroe Jones testified as follows:

"Well, he asked me if I would go up there and show him how—, to look at those wires on that safe; if I knew anything about it, that he would give me a large percentage of the money, and we stood there and talked about it for several minutes and finally I agreed to go with him."

The police arrived shortly after defendant Jones entered the building. The opinion continued as follows:

"The defendant was indicted on two counts, one for burglary and the other as an habitual criminal. The second count, charging the defendant with being an habitual criminal, set forth that he had been previously convicted in the Criminal Court of Davidson

County on February 24, 1942 of the crime of robbery, on June 26, 1942 of the crime of robbery, on May 6, 1943, he was convicted of grand larceny, and on October 6, 1955 of burglary in the third degree. The records of these prior convictions were introduced in evidence at the trial pursuant to T.C.A. 40-2804. On the February 24, 1942 conviction for robbery he was sentenced to confinement in the State Penitentiary for a period of not more than six years; on the June 26, 1942 conviction of robbery he was sentenced to confinement in the State Penitentiary for a period of not more than five years; on the May 6, 1943 conviction of grand larceny he was sentenced to confinement in the State Penitentiary for a period of not more than three years; and, on the October 6, 1955 conviction of burglary in the third degree he was sentenced to confinement in the State Penitentiary for not more than five years. The defendant freely admitted these prior convictions. He stated that he served a total of six years and seven months in the penitentiary on the first three of these convictions and served two years of the five-year sentence on the fourth conviction. At the time of his conviction for grand larceny on May 6, 1943 he was brought from the penitentiary to the Criminal Court of Davidson County for the trial. On this occasion, he entered a plea of guilty."

Manifestly the petitioner was wrong when he alleged in his petition that his co-defendants did not take the witness stand because Mr. Justice Holmes' opinion recited that one of them testified in his behalf.

He alleged in his petition that all three of his code-

fendants signed confessions implicating him and were granted separate trials.

■    The petitioner's allegations in his petition about disqualification of jurors, and misconduct of the District Attorney are matters, which if they had any merit could and should have been brought to the attention of the court in one of the three cases appealed and reviewed by the Supreme Court. This petitioner has had three appellate reviews by the Supreme Court. The June 4, 1963, opinion of Mr. Justice Holmes, the opinion of July 20, 1956, reported under the style George M. (Buck) Jones v. State, 200 Tenn. 553, 292 S.W.2d 767, and the opinion of October 9, 1964, reported in George Monroe (Buck) Jones v. State, 214 Tenn. 683, 383 S.W.2d 20, of which we take judicial knowledge.

■    The petitioner alleged in his petition that he was denied effective assistance of counsel in that Honorable W. C. Wilson withdrew as counsel, upon filing a motion for a new trial, at the suggestion of the trial judge.

Petitioner alleged in his petition that he was denied effective assistance of counsel for his defense on his trial of May 21, 1963, because Honorable W. C. Wilson, his counsel, withdrew at the conclusion of the trial upon filing motion for a new trial, and the Court appointed Honorable Charles Galbreath, the then Public Defender to represent petitioner.

That case was reviewed by the Supreme Court on appeal and is reported in 214 Tenn. 683 and in 383 S.W.2d 20. An examination of that opinion will show that the petitioner was adequately, capably and efficiently represented and that he had a complete appellate review

of all the questions that could or should have been made in his behalf.

There is no merit in the petition. The assignments of error are overruled and the judgment is affirmed.

RUSSELL and HYDER, JJ., concur.